```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

TYREE LAWSON,                         )
                                      )
            Petitioner                )    Civil Action
                                      )    No. 14-cv-01399
      v.                              )
                                      )
SUPERINTENDENT OF SCI FOREST          )
  M. OVERMYER,                        )
THE DISTRICT ATTORNEY OF THE          )
  COUNTY OF PHILADELPHIA, and         )
THE ATTORNEY GENEREAL OF THE          )
  STATE OF PENNSYLVANIA               )
                                      )
            Respondents               )

## O R D E R

NOW, this 18th day of September, 2014, upon consideration of the following documents:

(1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, which petition was filed by petitioner pro se on March 4, 2010 ("Petition");[1]

(2) Memorandum in Support of Petitioner's Petition for Writ of Habeas Corpus Relief, which memorandum was filed by petitioner pro se on May 12, 2014 ("Memorandum in Support of Petition"), together with

   Exhibits A through X to the Memorandum in Support of Petition;

---

[1] Although the docket entries reflect that the petition for writ of habeas corpus was filed March 7, 2014, petitioner indicated next to his signature that he executed the petition on March 4, 2014. (See Petition at page 19.) Pursuant to the prison mailbox rule, this court will consider the date of filing as March 4, 2014. The prison mailbox rule deems a motion to have been filed on the date the petitioner delivered his petition to prison officials to mail. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997).

 (3) Response to Petition for Writ of Habeas Corpus, which response was filed by respondents on May 21, 2014 ("Response"), together with

   Exhibits A through C to the Response;

 (4) Petitioner's Opposition to Respondent's May 21, 2014 Filed Response and Request for Issuance of Habeas Relief, which opposition was filed June 13, 2014 ("Petitioner's Opposition to Response"), together with

   Exhibits A through P to Petitioner's Opposition to Response;

 (5) Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey dated July 28, 2014 and filed July 29, 2014 ("R&R");

 (6) Petitioner's Objection to the Report & Recommendation, which objections were filed August 15, 2014 ("Petitioner's Objections"), together with

   Exhibits A through V to Petitioner's Objections; and

 (7) Application for Correction of Omitted & or Unintelligentable (sic) Assertion, which application was filed by petitioner pro se on August 28, 2014 ("Petitioner's Application");

it appearing that Petitioner's Application seeks to make one amendment and one correction to Petitioner's Objections; it further appearing that the purported objections of petitioner to Magistrate Judge Hey's Report and Recommendation are, with the exception of the objection discussed in footnote 3 below, a restatement of arguments raised by petitioner in the Petition, Memorandum in Support of Petition, and Petitioner's Opposition to Response; it further appearing, after de novo review of this

matter,[2] that the Report and Recommendation of Magistrate Judge Hey correctly determined the pertinent legal and factual issues presented in the petition for habeas corpus relief,

<u>IT IS ORDERED</u> that Petitioner's Application is granted and Petitioner's Objections are deemed amended and corrected as provided in Petitioner's Application.[3]

---

[2]     When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. <u>Raddatz</u>, <u>supra</u>.

[3]     Petitioner seeks to amend and correct Petitioner's Objections in two respects.  First, petitioner seeks to amend the final sentence on page 1 of Petitioner's Objections, which continues onto the top of page 2, so as to add the words "arose[] from a June 10, 2006 shooting."  (Petitioner's Application at pages 1-2.)  Second, petitioner seeks to amend page 9 of Petitioner's Objections to reflect that the he was permitted to proceed pro se in his direct appeal on June 16, 2010, and not on June 21, 2010 as stated on page 9 of Petitioner's Objections.  (Petitioner's Application at page 2.)

Turning first to petitioner's requested correction, I note that Criminal Docket Number CP-51-CR-0008851-2009 does reflect that Judge Ransom granted petitioner's request for permission to proceed pro se on June 16, 2010.  This correction to Petitioner's Objection does not affect or impeach the validity of Magistrate Judge Hey's Report and Recommendation.

Turning next to petitioner's requested amendment to Petitioner's Objections, I note that the Report and Recommendation, in describing the factual and procedural history, states that "[t]he charges arose from a June 10, 2006 shooting in which Petitioner fired several shots through the front door of home in Philadelphia, injuring Rasahn Brown."  (R&R at pages 1-

(<u>Footnote 3 continued</u>):

IT IS FURTHER ORDERED that the objections of petitioner to the Report and Recommendation of Magistrate Judge Hey are sustained in part and overruled in part.[4]

---

(Continuation of footnote 3):

2, citing Non-Precedential Opinion of the Superior Court of Pennsylvania in Commonwealth of Pennsylvania v. Tyree Lawson, No. 3055 EAD 2009, slip op. at 2 (July 9, 2012).  That quote accurately summarizes the facts as stated by the Pennsylvania Superior Court.

        However, the factual statement in the Opinion of Pennsylvania Superior Court appears to contain a typographical error concerning the month in which the offense of conviction occurred.  Specifically, although the factual summary in the Superior Court's Opinion gives "June" of 2006 as the operative month, Lawson, No. 3055 EAD 2009, slip op. at 2, it is clear from the record papers in this action (including the trial court's Rule 1925(a) Opinion, and police records cited by petitioner himself) that the incident giving rise the charges and underlying conviction of petitioner arose as the result of events beginning on July 10, 2006, which culminated with a shooting just after midnight in the early morning hours of July 11, 2006.  (See Memorandum in Support of Petition at Exhibit B, page 2; Exhibit G; and Exhibit X.)

        Although the Pennsylvania Superior Court's typographical error was carried over by respondents in their Response (at page 1) and the Magistrate Judge in her Report and Recommendation (at page 1), it does not affect or otherwise impeach the validity of the Magistrate Judge's discussion and recommendation.  Accordingly, I sustain petitioner's objection in this limited respect and modify the report and recommendation to reflect that the incident occurred in July 2006, not June of that year.  I do not further modify the Report and Recommendation because, although the record papers suggest that the shots were fired shortly after midnight (approximately 12:15 a.m.) and, thus, technically, on July 11, 2006, it is not unreasonable to summarize that incident (as the Superior Court did, and as the Report and Recommendation does) as having occurred on the night of June 10, 2006.

[4]     With the exception of the objection discussed in footnote 3 above, Plaintiff's Objections to Magistrate Judge Hey's Report and Recommendation largely restate the arguments contained in his Petition, Memorandum in Support of Petition, and Opposition to Response.  Moreover, upon review of the Report and Recommendation, together with de novo review of the record in this action, I conclude that the Report and Recommendation correctly determines the pertinent legal and factual issues presented by petitioner.  Accordingly, I approve and adopt, with a minor modification discussed in footnote 3 above, Magistrate Judge Hey's Report and Recommendation and overrule petitioner's remaining objections to it.

IT IS FURTHER ORDERED that petitioner's objections are sustained to the extent that he objects to the statement on page 1 of the Report and Recommendation that his underlying convictions arose from a shooting incident which occurred on June 10, 2006.  The word "June" in the final line of body text on page 1 of the Report and Recommendation is replaced with the word "July".

IT IS FURTHER ORDERED that petitioner's objections are overruled in all other respects.

IT IS FURHTER ORDERED that the Report and Recommendation of Magistrate Judge Hey is approved and adopted with the above modification.

IT IS FURTHER ORDERED that the within Petition is dismissed without prejudice for petitioner file a petition for habeas corpus relief after he has exhausted his state-court remedies under Pennsylvania's Post-Conviction Relief Act.

IT IS FURTHER ORDERED that because petitioner has not exhausted his available state-court remedies, and no reasonable jurist could find this ruling debatable, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Motion for Production of Discovery and All Other Related Materials, which motion was filed by petitioner pro se April 11, 2014, is dismissed without prejudice for petitioner to seek such discovery by motion if and

when he initiates a federal habeas corpus proceeding after he exhausts his state-court remedies.

<u>IT IS FURTHER ORDERED</u> that the Clerk of Court shall mark this case closed for statistical purposes.

> BY THE COURT:
>
> <u>/s/ JAMES KNOLL GARDNER     </u>
> James Knoll Gardner
> United States District Judge